## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JESUS TERRAZAS,** | § | |
| **EDWARD ULATE,** | § | |
| **and ROBERT BOUTWELL,** | § | |
| **individually and on behalf** | § | **COLLECTIVE AND CLASS** |
| **of all others similarly situated,** | § | **ACTION COMPLAINT** |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 2:23-CV-452** |
| **vs.** | § | |
| | § | |
| **DXP ENTERPRISES, INC.** | § | |
| **Defendant.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Jesus Terrazas, Edward Ulate and Robert Boutwell ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint, as follows:

### I.     PRELIMINARY STATEMENT

1.     DXP Enterprises, Inc. ("DXP") was formerly the employer, joint and/or co-employers of Plaintiffs and others similarly situated. Mr. Terrazas worked as a Safety Consultant for DXP from approximately May of 2017 until January 3, 2023. Mr. Ulate worked as a Safety Consultant from April of 2021 until December 2022.   Mr. Boutwell worked as a Safety Consultant from October 2017 through December 2022. Plaintiffs interviewed and were hired through DXP and worked as directed by DXP. While employed by DXP, Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for DXP, and virtually every aspect of their job was controlled by DXP. DXP misclassified Plaintiffs and other safety consultants as independent contractors to avoid paying employment taxes, benefits and

overtime. During their time with DXP, Plaintiffs typically worked approximately 100 hours per week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of similarly situated Safety Consultants who work or have worked for DXP, all of whom are classified as independent contractors and all of whom are paid a day rate and denied overtime pay.

2.    In addition, Defendant defamed Plaintiff Jesus Terrazas by alleging, falsely, that he falsified a safety document. Based upon this false allegation, Mr. Terrazas was fired. Mr. Terrazas had difficulty finding a new job in the oil and gas industry because of Defendant's false and defamatory accusations against him. As such, Plaintiff Jesus Terrazas alleges a claim for defamation against Defendant.

3.    Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

4.    The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**ALL DXP SAFETY CONSULTANTS DURING THE PAST 3 YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY RATE.[1]**

5.    For at least three years prior to the filing of this Complaint, Defendant willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

---

[1] Members of this proposed FLSA collective will hereinafter be referred to as the "FLSA Class Members."

6.    DXP has violated and continues to violate the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiffs and other Class Members overtime at the legally required rate. Plaintiffs, individually and on behalf of all other Class Members, bring this class action lawsuit to recover overtime pay and all over available remedies under the NMMWA.

7.    This class action consists of:

**ALL DXP SAFETY CONSULTANTS AT ANY TIME FROM OCTOBER OF 2007 UNTIL THE PRESENT WHO (1) WORKED AT LEAST ONE WEEK IN A YEAR IN NEW MEXICO AND (2) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE.[2]**

## II.    PARTIES

8.    Plaintiffs are individuals. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

9.    DXP is a Texas corporation with its principal place of business in Houston, Texas. DXP may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the

---

[2] Members of this proposed class will hereinafter be referred to as the "Class Members." The period covered by the NMMWA class action is pled as it is because, on information and belief, DXP began classifying its Safety Consultants as independent contractors in October 2007 and did so continuously until at least the end of 2022. Under the New Mexico Minimum Wage Act, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, Case No. 2:18-CV-811-MV-GJF (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA).

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims pursuant to 28. U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than EOG. Alternatively, the Court has supplemental jurisdiction over the class and individual NMMWA claims, as well as the individual defamation claim pursuant to 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over DXP because it conducts and has conducted a significant amount of business in New Mexico and has had continuous and systematic contacts with New Mexico and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiffs and the other class members performed a substantial amount of work for Defendant as described herein in the Permian Basin, specifically in the New Mexico counties of Eddy and Lea (and possibly others), which are located in this judicial district.

### IV.    FLSA COVERAGE FACTS

14.    At all relevant times, DXP acted, directly or indirectly, as the joint or co-employer with respect to Plaintiffs and others similarly situated. DXP was responsible for all decisions

related to the wages to be paid to the FLSA Class Members, the work to be performed by the FLSA Class Members, the locations of work performed by the FLSA Class Members, the hours to be worked by the FLSA Class Members, and the compensation policies with respect to the FLSA Class Members.

15.    At all relevant times, Defendant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.    At all relevant times, Defendant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

17.    At all relevant times, Plaintiffs (and others similarly situated) were employees for Defendant who was engaged in commerce or in the production of goods for commerce.

## V. NMMWA COVERAGE FACTS

18.    At all relevant times, DXP acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiffs and other Class Members. DXP was responsible for all decisions related to the wages to be paid to Plaintiffs and other Class Members, the work to be performed by Class Members, the locations of work performed by the employees, the hours to be worked by Class Members, and the compensation policies with respect to Class Members.

19.    At all relevant times, Plaintiffs and the FLSA Class Members constituted individual "employees" as that term is understood under the NMMWA.

20.    At all relevant times, Plaintiffs and other Class Members were employees for Defendant who was engaged in commerce or in the production of goods for commerce. Namely, Plaintiffs' job assignment assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States. Moreover, Plaintiffs, in the performance of their job duties while working for DXP, regularly used instrumentalities of interstate commerce such as his cell phone and e-mail to communicate with others at DXP.

## VI.    FACTUAL BACKGROUND

21.    DXP is a publicly traded company that offers compliance and consulting services to clients in, inter alia, the oil and gas industry. DXP has contracted with Chevron, and other companies engaged in exploration and production of oil and gas, to provide laborers for these companies' drilling operations, including Plaintiffs and others similarly situated.

22.    Because Plaintiffs and other Class Members are paid a day rate, and because their schedules are set by DXP, Safety Consultants are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to the rigs they are to work on as ordered to do by DXP or its customers. Because they work full time (working very long hours), they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the Safety Consultants are manual laborers, not the kind of highly-skilled workers that would typically be classified as independent contractors. Finally, the FLSA

Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

23.    No exemption excuses Defendant from paying Plaintiffs and other similarly situated Class Members overtime rates under the FLSA.

24.    Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

25.    For purposes of this action, the "relevant period" for the purposes of the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

26.    Plaintiffs have retained the undersigned counsel to represent him and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

27.    In December of 2022, Dominic Armendarez at DXP sent out two safety consultants that did not have proper paperwork to perform the job. Mr. Armendarez contacted Melvin Scott at DXP and, on information and belief, they falsified cards for the two persons doing the job. A Chevron Safety representative stopped the job when he saw that the cards had been falsified. Chevron representative Doyle Tripp then began circulating false rumors that it was ***Plaintiff*** who falsified the cards for the job. On information and belief, on or about November 2, 2022,  Doyle Tripp called the DXP office to give an anonymous complaint about Plaintiff. Because of Chevron's false assertions that Plaintiff falsified documents (which were

repeated by DXP, despite the fact that DXP knew or should have known of the falsity of these statements), DXP fired Plaintiff on January 3, 2023. DXP and Chevron have, since Plaintiff's termination, repeated this false allegation that Plaintiff forged and falsified documents, which has prevented Plaintiff from obtaining employment in the oil and gas industry.

## VII.    COLLECTIVE ACTION ALLEGATIONS

28.    Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiffs are aware that the illegal practices and policies of DXP have been imposed on other, similarly situated workers.

29.    Plaintiffs brings their claims on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendant.

30.    Defendant's compensation policies and procedures with respect to Plaintiffs and the FLSA Class Members and wages paid to Plaintiffs and the FLSA Class Members are substantially similar, if not identical.

31.    Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or other Class Members.

32.    Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendant's liability under the FLSA.

33.    Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

34.     Plaintiffs request that Defendant identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the FLSA Class Members.

35.     Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

36.     Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

37.     Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VIII. NEW MEXICO CLASS ACTION ALLEGATIONS

38.     Plaintiffs incorporate all allegations previously made in this Complaint.

39.     Plaintiffs bring this class action on behalf of the respective Class Members.

40.     The FLSA Class Members are so numerous that their joinder is impracticable.

41.     While the precise number of the FLSA Class Members is unknown, a large number of Class Members worked for Defendant in at least one workweek of more than 40 hours in New Mexico throughout the time period Defendant's continuing course of conduct occurred.

42.     Plaintiffs' claims are typical of the FLSA Class Members.

43.     Plaintiffs and the FLSA Class Members were classified as non-exempt from overtime.

44.    The primary job duties of Plaintiffs and the FLSA Class Members consisted of non-exempt work.

45.    Plaintiffs and the FLSA Class Members were not paid a guaranteed salary each week, but instead received day rate pay, which fluctuated weekly because they were paid a day rate for each day they worked.

46.    Plaintiffs and the FLSA Class Members worked over 40 hours in at least one workweek of more than 40 hours for Defendant in New Mexico during the time period Defendant's continuing course of conduct occurred.

47.    Plaintiffs and the FLSA Class Members were denied overtime at a rate of one-and-one-half times their regular rate for all overtime hours worked.

48.    Common questions of law and fact for the FLSA Class Members predominate over any questions affecting any individual member, including:

      a.    Whether Defendant's Day Rate Policy violated NMMWA by failing to pay the FLSA Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

      b.    Whether Defendant's Overtime Miscalculation Policy violated NMMWA by not paying overtime at the legally required rate of one-and-one-half times the regular rate of pay;

      c.    The proper measure of damages of the FLSA Class Members; and

      d.    Whether Defendant should be enjoined for such violations in the future.

49.    As a result, Plaintiffs will fairly and adequately protect the FLSA Class Members' interests and have retained counsel experienced in complex wage and hour class litigation.

50.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2). Defendant acted or refused to act on grounds generally applicable to the FLSA Class Members. Final injunctive and/or declaratory relief is appropriate to the FLSA Class Members as a whole.

51.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3): (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporations. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the FLSA Class Members. No apparent difficulties exist in managing this class action. Plaintiffs intend to send notice to the Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

## IX.    CAUSES OF ACTION

**COUNT ONE - VIOLATION OF THE FLSA (Individually and on Behalf of Class)**

52.    The foregoing allegations are incorporated herein by reference.

53.    Plaintiffs and others similarly situated were non-exempt employees of DXP and/or Chevron.

54.    Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

55.     DXP and/or Chevron violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

56.     Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**COUNT TWO - VIOLATION OF THE NMMWA (Individually and on Behalf of Class)**

57.     Plaintiffs incorporates all allegations previously made in this Complaint.

58.     Plaintiffs and the FLSA Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiffs and the FLSA Class Members are entitled to their unpaid wages, treble and/ or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA. Moreover, Plaintiffs request that this lawsuit

encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

### COUNT THREE - DEFAMATION (By Jesus Terrazas, Individually Only)

59.     Plaintiff Jesus Terrazas incorporates all allegations previously made in this Complaint.

60.     DXP made and published (either verbally or in writing) a defamatory communication regarding Plaintiff. Specifically DXP has made and published statements that Plaintiff Jesus Terrazas falsified safety documents related to a job performed at a Chevron facility.

61.     These statements were made by DXP to third parties.

62.     These statements made by DXP  were of an asserted fact and concerned Plaintiff Jesus Terrazas.

63.     These statements made by DXP proximately caused actual injury to Plaintiff Jesus Terrazas. These statements by DXP caused Plaintiff Jesus Terrazas lost employment opportunities, as well as harm to his good standing in the community, personal humiliation, mental anguish and suffering, and/or harm to his good name and character among his friends, neighbors, and acquaintances.

64.     Plaintiff Jesus Terrazas sues DXP for all damages caused by these defamatory statements, including but not limited to all actual, consequential, emotional distress, statutory, and/or punitive damages.

65.     DXP's conduct as described herein was willful, wanton, malicious, reckless, oppressive, or fraudulent and in bad faith. DXP published its statements regarding Plaintiff Jesus

Terrazas with actual malice, as it had knowledge of the falsity, or made the statements in reckless disregard for the truth.

## X.    RELIEF SOUGHT

Plaintiffs pray for the following relief against Defendant on an individual basis and on a representative basis on behalf of the FLSA Class Members:

    a.  For an Order certifying the proposed NMMWA class as Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiffs as Class Representatives under NMMWA, and for designation of Plaintiffs' counsel as class counsel;

    b.  For an Order awarding Plaintiffs and the FLSA Class Members all unpaid wages, treble damages, prejudgment interest and all available penalties wages under NMMWA;

    c.  For an Order certifying the proposed FLSA class and finding Defendant liable for unpaid wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

    d.  For an Order awarding Plaintiff Jesus Terrazas all available damages (including actual, consequential, emotional distress, statutory, and/or punitive damages) for his individual defamation claim;

    e.  For an Order awarding Plaintiffs and the FLSA and NMMWA class members pre- judgment and post-judgment interest at the highest rates allowed by law; and

f.  For all costs and attorneys' fees incurred prosecuting these claims, as allowed

    by law; and

g.  For an Order granting such other and further relief as may be necessary and

    appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532
Admitted to the New Mexico Federal Bar
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS AND THOSE
SIMILARLY SITUATED**